119 N.J. Super. 299 (1972)
291 A.2d 378
LESTER JONES, JR., ET AL., PETITIONERS-APPELLANTS,
v.
ROBERT KOLBECK, ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted May 16, 1972.
Decided May 25, 1972.
*300 Before Judges LABRECQUE, KOLOVSKY and ALLCORN.
Mr. Martin L. Haines for the appellants (Dimon, Haines & Bunting, attorneys).
Mr. John S. Fields for the respondents Kolbeck, et al. (Bookbinder, Fields & Ferri, attorneys).
Mr. William V. Webster, Jr. for the respondent Board of Education of Lumberton Township (Parker, McCay & Criscuolo, attorneys).
PER CURIAM.
There is neither constitutional nor statutory prohibition against an individual at one and the same time holding and exercising the office of member of the board of education of one public school district, and holding and performing the duties of the position or employment of teacher in the schools of a different public school district. Contrary to the suggestion of plaintiffs, the provisions of N.J.S.A. 18A:12-2 contain no such proscription, expressly or impliedly.
We are satisfied also that there is no inherent incompatibility between the two posts under the common law. No conflict or inconsistency exists in the functions of the two in the sense of one being "subordinate to another, or subject to its supervision or control, or the duties clash." Reilly v. Ozzard, 33 N.J. 529, 543 (1960); Kobylarz v. Mercer, 130 N.J.L. 44 (E. & A. 1942). See, 3 McQuillin, Municipal Corporations, (3rd ed. rev'd 1963), § 12.67. Although it may be that there is a possibility that conflicts of interest may arise from time to time, this is not unique to the present *301 situation. In any event, the test is "incompatibility in the functions or duties of office," rather than a mere possibility of a conflict of interests. Reilly v. Ozzard, supra, 33 N.J. at 549. Compare, Griggs v. Princeton Borough, 33 N.J. 207 (1960).
Nor does mere membership in the New Jersey Education Association disqualify a person from membership on a local board of education  any more than membership in any other professional or labor organization constitutes a disqualification. While the law demands complete honesty and integrity in the exercise and performance of the duties of every public office, position or employment, that requisite does not necessitate or contemplate a severance of all ties and associations with persons and organizations that may espouse a particular philosophy or position on any one or more of the many facets of public affairs that the local agency of which the individual is a member is called upon to administer.
Inasmuch as defendant members of the board of education were sued by reason of such membership, they are entitled to have their counsel fee on the trial and on the appeal borne by the board of education, in accordance with N.J.S.A. 18A:12-20.
Affirmed.