RONALD FLETCHER, PLAINTIFF-RESPONDENT, v. CITY OF NEWARK, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued December 5, 1977—Decided January 3, 1978.

Before Judges FRITZ, BOTTER and ARD.

*Mr. Matthew Scola* argued the cause for appellant (*Mr. Milton A. Buck,* corporation counsel, attorney).

*Mr. Frank Tunnero* argued the cause for respondent (*Messrs. Blume, Kalb & Weiseman,* attorneys; *Mr. John M. Blume,* on the brief).

PER CURIAM. This is an appeal from a summary judgment entered in behalf of plaintiff in the sum of $5,906.45 plus interest and costs. The aforesaid amount represents the admitted earnings of plaintiff during his suspension. Most of the significant facts appear in the published opinion of the trial judge, and we will not repeat them in detail. Briefly, plaintiff, a policeman, was indicted for misfeasance in office which resulted in his suspension without pay from the police force. Thereafter, he was tried and acquitted by a jury and restored to his job by the city. His claim for $23,329.85 in withheld back pay was recognized by the city; however, the city paid him $17,423.40, deducting in mitigation $5,906.45 which plaintiff admitted earning in outside employment during the time of his suspension. The record does not reveal that any administrative hearing was requested by either party to resolve the several questions inherent in the concept of mitigation.

Claiming entitlement to full back pay, plaintiff instituted an action in the Law Division to recover same. He argued that no deduction was warranted. After issue was joined, plaintiff moved for summary judgment. In the aforementioned reported case the trial judge held that the facts were undisputed and plaintiff was entitled to a judgment for the

full amount withheld because the city had failed to take administrative action as provided by *N. J. S. A.* 40A:14–149.2. In entering summary judgment in behalf of plaintiff, the trial judge determined that there was no factual dispute over earnings or expenses. He found that the amount of outside earnings were offset by the total legal expenses, and no remand or exhaustion of administrative remedies by way of appeal to the Civil Service Commission was necessary.

On appeal defendant urges that trial judge (1) "erred in holding that the city did not have the power or authority to mitigate back wages due with a set-off for monies earned while Fletcher was on suspension as a police officer," and (2) "the doctrine of exhaustion of administrative remedies was applicable to the facts of this case."

Although defendant contends otherwise, it should be noted that the trial judge did not hold that the city lacked the authority to deduct outside earnings from back pay due a restored employee. It was the judge's ruling that by not taking appropriate administrative action the city failed to justify any reduction of the amount of back wages owed plaintiff. In addition, the trial judge found that the cost of legal expenses incurred by plaintiff for which he would ordinarily be entitled to reimbursement would more than offset his earnings from outside employment and, therefore, no remand or exhaustion of administrative remedies by way of an appeal to the Civil Service Commission was necessary.

■■ Although agreeing with much of the trial judge's analysis of the governing law, we are not in accord with his determination that there is no necessity for a remand. The claim for back pay was not the proper subject of an action in the Law Division, but was a matter for administrative decision under Civil Service Law. The Civil Service Act has created a complete, uniform system of Civil Service Commission treatment of appeals by disciplined classified Civil Service employees, including claims for back pay for a period of suspension after they have been vindicated. In this regard *N. J. S. A.* 40A:14–149.2, relied upon by plain-

tiff, a classified employee, must be considered in conjunction with and subject to the Civil Service laws, in particular *N. J. S. A.* 11:2A-1 and *N. J. S. A.* 11:15-6. *Telesnick v. Newark,* 63 *N. J.* 221, 223-224 (1973); *Mason v. Civil Service Comm'n,* 51 *N. J.* 115 (1968); *Mastrobattista v. Essex Cty. Park Comm'n,* 46 *N. J.* 138 (1965). In *Telesnick* plaintiff, an indicted city employee, secured reinstatement to his position after obtaining a dismissal of an indictment charging him with a crime. Although he died shortly thereafter, a civil action was filed on his behalf in the Law Division for salary withheld during his suspension. The city contended that the institution of a civil action was improper and plaintiff's claim was a matter for administrative consideration under Civil Service law, subject to administrative review for mitigation or denial of the claim. The Supreme Court agreed wth the city's contention and, relying on *Mastrobattista v. Essex Cty. Park Comm'n, supra,* held that the claim should be pursued under administrative procedures rather than by civil action in the Law Division. Moreover, it ruled that *N. J. S. A.* 40:46-34 was superseded by the Civil Service laws created for the "treatment of appeals by disciplined, classified Civil Service employees, including their claims for back pay for a period of illegal suspension, * * *." *Telesnick v. Newark, supra* 63 *N. J.* at 224. In accordance with this rationale, the court then ordered the matter remanded to the appropriate municipal department for a hearing.

Although the instant claim relies on *N. J. S. A.* 40A:14-149.1 and 149.2, we discern no difference in the language which suggests or requires a different approach. We agree with the trial judge that the slight difference in language between *N. J. S. A.* 40A:14-149.2 and *N. J. S. A.* 40A:14-151 (the latter's predecessor was *N. J. S. A.* 40:46-34, which was dealt with in *Mason v. Civil Service Comm'n, supra*) does not change the law in this case. 143 *N. J. Super.* at 216-218. After the unsatisfactory administrative treat-

ment of the matter by the city, plaintiff should have sought review by the Civil Service Commission.

In his complaint in the Law Division plaintiff did not raise the issue of the city's denial of legal expenses. The trial judge was informed of the alleged $5,000 in legal expenses by way of a rider to defendant's affidavit in opposition to the motion for summary judgment. Attached was plaintiff's affidavit submitted to the city admitting his outside earnings and requesting he be reimbursed his full back pay and his $5,000 attorney's fee. Nowhere in the record is there an admission by the city that the counsel fee of $5,000 was a reasonable expense necessarily incurred in obtaining vindication. The trial judge's consideration of the issue of legal expenses was based upon so-called practical considerations and again the expenses were not considered on the merits. The judge estimated the legal expenses without any proofs being presented.

The necessity for an administrative determination by an agency which has the primary responsibility in the matter requires that this judgment be vacated and the matter remanded to defendant for a hearing and decision. It should formally decide the legal and factual issues involved in the matters of back pay and mitigation because of outside earnings. Accompanying the question of mitigation should be a consideration of reasonable legal expenses incurred in recovering the back pay as well as reimbursement for legal expenses incurred in plaintiff's defense. Administrative review of the decision may then be taken in accordance with established procedure. *Telesnick v. Newark, supra.* Issues which then remain a matter of dispute may be appealed to us as of right. *R.* 2:2–3(a).

The judgment is vacated and the matter remanded in accordance with this opinion. We do not retain jurisdiction.