167 N.J. Super. 331 (1979)
400 A.2d 860
WILLIAM SURUDA, BEATRICE BAILEY AND DOMINICK PUGLIESE, PLAINTIFFS,
v.
JERSEY CITY BOARD OF EDUCATION, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided March 9, 1979.
*332 Mr. Eric A. Summerville for plaintiffs (Messrs. Summerville, Radding and Campbell, attorneys).
*333 Mr. Louis Serterides for defendant (Mr. William A. Massa, attorney).
BILDER, J.S.C.
This is a suit for indemnification for legal expenses incurred in the defense of a law suit challenging the appointment of the three plaintiffs to the board of education. All were appointed in June 1977 by a lame-duck mayor.
Plaintiff Pugliese was appointed to fill a vacancy created by retirement. Both plaintiffs Bailey and Suruda were appointed to new terms commencing July 1, 1977. Plaintiffs Bailey and Pugliese did not question the authority of the then mayor to appoint them; plaintiff Suruda did, and obtained assurances in the form of legal opinions from the attorney for the board of education and the New Jersey Schools Association.
Upon taking office the new mayor made different appointments and suit was instituted challenging plaintiffs' appointments. Only plaintiff Pugliese withstood the challenge. See Georgie v. Suruda, 154 N.J. Super. 439 (Law Div. 1977).
All three now seek indemnification for their legal expenses. Plaintiffs claim entitlement to indemnification on two grounds: (1) N.J.S.A. 18A:12-20 and (2) equitable estoppel. N.J.S.A. 18A:12-20 reads:
Whenever a civil or a criminal action has been or shall be brought against any person for any act or omission arising out of and in the course of the performance of his duties as a member of a board of education, and in the case of a criminal action such action results in final disposition in favor of such person, the board of education shall defray all costs of defending such action, including reasonable counsel fees and expenses, together with costs of appeal, if any, and shall save harmless and protect such person from any financial loss resulting therefrom. Any board of education may arrange for and maintain appropriate insurance to cover all such damages, losses and expenses.
It is established that legal fees in connection with the defense of a challenge to board membership are within the *334 ambit of N.J.S.A. 18A:12-20. Jones v. Kolbeck, 119 N.J. Super. 299 (App. Div. 1972), where it was held that members of the board of education were entitled to be indemnified for their legal fees in defending a suit challenging their board membership.
Insofar as plaintiff Pugliese's claim is concerned, the cases are indistinguishable. However, as noted, plaintiffs Bailey and Suruda, unlike plaintiff Pugliese, were unsuccessful in the defense of their right to serve on the Board. Does this difference matter?
One who becomes a public officer de facto, without bad faith, dishonesty or fraud on his part, and who renders the services required of such public office, may recover the compensation provided by law for such services during the period of their rendition. N.J.S.A. 40A:9-6. Adams v. Goldner, 156 N.J. Super. 299, 302 (App. Div. 1978). Such emoluments and compensation may include salary (Adams v. Goldner) and may include other benefits, e.g., reemployment rights. Jersey City v. Civil Service Dep't, 57 N.J. Super. 13, 27 (App. Div. 1959).
In the instant case both Bailey and Suruda meet the definition of de facto officers. During the pendency of the lawsuit which ultimately determined their disqualification, they apparently carried out the duties of their non-pay positions.
Precedent and the policy which underlies the indemnity provided by N.J.S.A. 18A:12-20 dictate that the failure of their legal position should not deprive these plaintiffs of their legal expenses. In addition, it should be noted that N.J.S.A. 18A:12-20 by its very terms requires this result. The legislative language distinguishes between civil and criminal matters, requiring a "favorable disposition" only in the latter case. To deprive the unsuccessful plaintiffs of the benefits of this statute would render the legislative dichotomy meaningless. See Abbotts Dairies, Inc. v. Armstrong, 14 N.J. 319, 328 (1954).
*335 In view of the applicability of N.J.S.A. 18A:12-20 plaintiffs' second ground  i.e., equitable estoppel becomes moot.
Plaintiffs are entitled to the indemnity they seek. Since the reasonableness of the attorney's fees is not disputed, a judgment will be entered in favor of plaintiffs for the amount sought  i.e., $5,780.