

1996 Decisions

**Opinions of the United States Court of Appeals for the Third Circuit**

10-15-1996

# Reo v. US Postal Service

Precedential or Non-Precedential:

Docket 96-5051

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1996

Recommended Citation

"Reo v. US Postal Service" (1996). *1996 Decisions.* Paper 45.
http://digitalcommons.law.villanova.edu/thirdcircuit_1996/45

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 1996 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 96-5051

_____

SHARON A. REO,

vs.

UNITED STATES POSTAL SERVICE;
UNITED STATES OF AMERICA;
PATRICIA D'ESPOSITO

UNITED STATES OF AMERICA,

Defendant/Third-Party Plaintiff,

vs.

JOSEPH J. REO, JR.;
MARJORIE REO;

Third-Party Defendants,

vs.

STATE FARM INSURANCE COMPANY,

Fourth-Party Defendant,

SHARON REO,

Appellant.

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 93-cv-03632)

_____

Argued June 6, 1996
Before: BECKER and MANSMANN, Circuit Judges, and
SCHWARZER, District Judge

(Filed October 15, 1996)

STEVEN L. KESSEL, ESQUIRE
(ARGUED)
Drazin & Warshaw

25 Reckless Place
Red Bank, NJ 07701-8909

Attorney for Sharon Reo, Appellant

WILLIAM G. COLE, ESQUIRE (ARGUED)
FRANK W. HUNGER, Assistant Attorney
General
FAITH S. HOCHBERG, United States
Attorney
Attorneys, Appellate Staff
Civil Division, Room 3617
Department of Justice
Washington, D.C. 20530-0001

Attorneys for United States of America

JAMES S. BRAATEN, ESQUIRE
Lomell, Muccifori, Adler,
Ravaschiere, Amabile & Pehlivanian
250 Washington Street
P.O. Box 787
Toms River, NJ    08754

Attorney for Joseph J. Reo, Jr. and
Marjorie Reo

_____

OPINION OF THE COURT
_____

SCHWARZER, District Judge:

The question before us is whether the acceptance by a minor's parents of an
administrative settlement of the minor's claim under the Federal Tort Claims Act ("FTCA")
releases the United States from further liability where the settlement was not judicially approved
as required by state law.

PROCEDURAL HISTORY

On May 23, 1975, plaintiff Sharon Reo was playing in the front yard at the New
Jersey home of her aunt, defendant Patricia D'Esposito.  While a United States Postal Service
employee was handing mail to her aunt, Sharon (who was only 21 months old at the time)
apparently stepped off the curb and in front of the Postal Service truck.  As the truck drove away,
it struck Sharon, crushing the third and fourth fingers of her left hand.

Sharon's parents, through their attorney, filed a tort claim on her behalf.  They
entered into an administrative settlement, accepting $2,500 to release her claim.  Neither

Sharon's parents nor the Postal Service sought judicial approval of the settlement.

Subsequent to the settlement, Sharon had three operations on her fingers, which remain deformed. On August 11, 1993, when she was 19 (legally an adult), Sharon filed this action. She seeks damages against the United States and against D'Esposito. The United States moved to dismiss the complaint as barred by the 1976 settlement and release and the district court granted the motion. Sharon dismissed the claim against her aunt. Judgment was entered on January 4, 1996; the notice of appeal was filed December 21, 1995 (after the court had announced its decision to dismiss), and is timely under Federal Rule of Appellate Procedure 4(a)(2). See Fed. R. App. P. 4(a)(2). We have jurisdiction under 28 U.S.C. § 1291 and reverse.

## DISCUSSION

The FTCA subjects the United States to tort liability for negligence. See 28 U.S.C. §§ 1346(b), 2674. Under the FTCA, the United States is liable "in the same manner and to the same extent as a private individual under like circumstances . . . ." 28 U.S.C. § 2674. Thus, "the extent of the United States' liability under the FTCA is generally determined by reference to state law." Molzof v. United States, 502 U.S. 301, 305, 112 S.Ct. 711, 714, 116 L.Ed.2d 731 (1992).

In order to promote the efficient disposition of claims against the government, the FTCA establishes an administrative system. The claimant is required to file a claim with the agency allegedly responsible for her injuries. 28 U.S.C. § 2675(a). The agency then may choose to pay the claim in full, to offer to settle the claim, or to deny the claim within six months. Id.; 28 U.S.C. § 2672. If the agency denies the claim or does not make a final disposition within six months, the claimant may then file suit in federal court. 28 U.S.C. § 2675(a).

Section 2672 of title 28 provides government agencies with the authority to settle tort claims administratively. It also provides that such settlements will preclude a subsequent suit:

> The acceptance by the claimant of any such award, compromise, or settlement [administrative settlement pursuant to this provision] shall be final and conclusive on the claimant, and shall constitute a complete release of any claim against the United States and against the employee of the government whose act or omission gave rise to the claim, by reason of the same subject matter.

Both parties agree that Reo did not herself settle the claim, and that the question is whether her parents could settle her claim on her behalf. See 28 C.F.R. § 14.10 (claimant is bound by settlement entered into with claimant's "agent or legal representative").

Under New Jersey Rule of Court 4:44, a parent cannot settle a child's claim without judicial approval, regardless of whether suit has been filed. Colfer v. Royal Globe Ins. Co., 519 A.2d 893 (N.J. Super. Ct. App. Div. 1986). Here, no judicial approval was obtained, and the settlement is therefore incomplete as a matter of state law.

The government claims that New Jersey law simply does not apply -- first, that federal law defines who may settle a tort claim on behalf of another, and second, that under federal law no judicial approval is required for the settlement of a minor's claim. Because we find that state law governs here, we need not reach the second of these contentions.

Section 2672 does not define who may accept a settlement on behalf of the claimant. While the interpretive regulations indicate that a claimant's "legal representative" can bind the claimant to an administrative settlement, see 28 C.F.R. § 14.10, the regulations provide no guidance how "legal representative" should be defined. Nothing in the legislative history of section 2672 or in the drafting history of the regulations provides any further guidance.

In order to fill this gap, we turn to state law. Cf. Kamen v. Kemper Financial Services, Inc., 500 U.S. 90, 98, 111 S.Ct. 1711, 1717, 114 L.Ed.2d 152 (1991). Federal legislation generally "builds upon legal relationships established by the states, altering or supplanting them only so far as necessary for the special purpose." Paul M. Bator, et al. Hart and Wechsler's The Federal Courts and the Federal System, 533 (3rd ed. 1988). On the one hand, where application of state law would impair the federal policy, or where there is a "distinct need for nationwide legal standards," federal standards must be developed. See Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 42, 109 S.Ct. 1597, 1605, 104 L.Ed.2d 29 (1989); Kamen, 500 U.S. at 98, 111 S.Ct. at 1717. On the other hand, where state law on an issue is well-developed, or where Congress specifically intends to subject federal actors to local standards, state law is preferred. See DeSylva v. Ballentine, 351 U.S. 570, 580-81, 76 S.Ct. 974,

980, 100 L.Ed. 1415 (1956); Reconstruction Finance Corp. v. Beaver County, 328 U.S. 204, 210,
66 S.Ct. 992, 995, 90 L.Ed. 1172 (1945).  Thus, on issues such as corporation law, see Kamen,
supra, commercial law, see United States v. Kimbell Foods, Inc., 440 U.S. 715, 728, 99 S.Ct.
1448, 1458, 59 L.Ed.2d 711 (1979), and family law, see DeSylva, supra, state-law standards have
been used to fill the gaps in federal statutory schemes.

 The basic purpose of the FTCA is to subject the United States to tort liability
under state law to the same extent as private individuals.  State law thus governs both the
creation of liability and the effect of a purported release of liability.  Green v. United States, 709
F.2d 1158, 1165 (7th Cir. 1983).  Courts uniformly look to state law to determine the validity of
settlements entered between the government and the claimant both before the administrative
claim is filed, see, e.g., Montellier v. United States, 315 F.2d 180, 185 (2d Cir. 1963); Cordaro v.
Lusardi, 354 F. Supp. 1147, 1149-50 (S.D.N.Y. 1973); cf. Matland v. United States, 285 F.2d
752, 754 (3rd Cir. 1961) (holding that state law governs release of liability under FTCA; release
of joint tortfeasor therefore released United States), and after suit has been commenced.  See,
e.g., Reed by and through Reed v. United States, 891 F.2d 878, 881 n.3 (11th Cir. 1990)
(applying Florida law requiring court approval to enforce settlement of minor's FTCA claim);
Dickun v. United States, 490 F. Supp. 136 (W.D.Pa. 1980).

 The government asserts that these cases do not apply, because the release in this
case was executed after the claim was filed, but before litigation began.  This distinction might
make sense when comparing the effect of a release under the specific authority of section 2672
on the settling party with the effect of such a release on other potential claimants.  See Schwarder
v. United States, 974 F.2d 1118, 1124 (9th Cir. 1992) (drawing this distinction).  But it does not
logically apply when determining if a party has settled.  Under state law, Reo's parents could not
compromise her position before filing the claim (without judicial approval), and could not
compromise her claim after litigation commenced.  There is nothing unique about administrative
settlements that suggests that the authority of Reo's parents to settle her claim should be broader
(or narrower) in this context than in others.  The statute itself provides no basis for distinction:  a
provision authorizing administrative settlements, and making them final, does not necessarily

lead to a conclusion that the enforceability of such settlements will be governed by federal law rather than state law. As stated by one district court, section 2672 simply "does not purport to set up rules governing the validity, scope, or interpretation of releases arising from its operation." Robinson v. United States, 408 F. Supp. 132, 136-37 (N.D.Ill. 1976).

This circuit has previously applied state law to determine the validity and scope of a release under section 2672. See Thompson v. Wheeler, 898 F.2d 406, 410 n.3 (3rd. Cir. 1990); cf. Macy v. United States, 557 F.2d 391, 394 (3rd Cir. 1977) (same under 1346(b)). Turning to state law again in this case is appropriate -- the rules governing settlement of minor's claims are embedded in the traditional state-law domain of contract, agency, and family law. Rather than developing a federal common law to govern such questions of authority to settle another's claim, we can instead rely on the well-established rules of the various States. National uniformity is not particularly important here, especially since Congress specifically contemplated in the FTCA that federal agencies would be held to the same standards as private individuals. CompareReconstruction Finance Corp., 328 U.S. at 210, 66 S.Ct. at 995 (in subjecting federal corporation to local real property taxes, Congress intended that "real property" be defined under state laws), with Mississippi Band of Choctaw Indians, 490 U.S. at 44-45, 109 S.Ct. at 1606-07 (because Congress was concerned about the rights of Indian families vis-a-vis state authorities, it was unlikely that Congress would have intended to leave the scope of the statute's key jurisdictional provision subject to definition by state courts as a matter of state law). The state law here does not discriminate against the government, or run counter to the purposes of the FTCA. SeeReconstruction Finance Corp., 328 U.S. at 210, 66 S.Ct. at 995. State law therefore should govern.

The primary focus of the government's brief, as well as of the district court's oral explanation of its decision, was on the 1966 amendment to the FTCA and on the legislative history that explains its purpose. Prior to 1966, the statute required judicial approval of all claims (not just those involving minors) where the government was to pay more than $2,500. P.L. 89-506. Congress eliminated the requirement of judicial approval in 1966, and the legislative history is replete with statements about promoting quicker settlements by doing away with the necessity of court proceedings. See 1966 U.S.C.C.A.N. 2524. Nothing in the statute or

the legislative history, however, indicates that Congress intended to eliminate all possibility of court proceedings, especially where the interests of minor children and other incompetent individuals were involved. Given that Congress was legislating against the background of the "ancient precept of Anglo-American jurisprudence" requiring court approval of the settlement of minor's claims, see Dacanay v. Mendoza, 573 F.2d 1075, 1079 (9th Cir. 1978), it would be surprising if the 1966 amendment took away this longstanding protection without comment. Likewise, the implementing regulations contain no indication that individuals otherwise unauthorized to settle a claim alone (here, the parents) can nevertheless settle a claim administratively under the FTCA.

We therefore hold that state law governs whether an individual has the legal authority to bind a claimant to an administrative settlement under the FTCA.

The government also contends that a rule requiring judicial approval of minor's settlements is impracticable, because there is no procedure in place by which it could obtain judicial approval. We do not find this argument compelling. That judicial approval was required for all administrative settlements before 1966 suggests that the government is able to obtain such approval when required. Moreover, petitions to approve settlement of a minor's claim are heard routinely in both state and federal courts, and such petitions impose little burden on courts or parties. The parties to an administrative settlement of a minor's claim need only follow the procedures in place in either state or federal court for the approval of minor's settlements.

Finally, the government asserts that applying the state law requirement of judicial approval here allows Sharon to effectively toll the statute of limitations based on her minority. The government points to cases holding that the federal tort claims filing period is not tolled for minors. See e.g. Zavala v. United States, 876 F.2d 780, 783 (9th Cir. 1989); Jastremski v. United States, 737 F.2d 666, 669 (7th Cir. 1984). But in this case, the six-month limitations period never began to run, because the agency did not formally deny the claim. 28 U.S.C. § 2401(b). If the agency does not formally deny the claim, and has not finally disposed of the claim within six months after it was filed, "the claimant may wait indefinitely before filing suit." Pascale v.

United States, 998 F.2d 186, 192-93 (3rd Cir. 1993); see also 28 U.S.C. § 2675(a) (claimant may
deem agency's failure to dispose of claim a denial of claim after six months or at "any time
thereafter").  Here, the settlement was never judicially approved, and it therefore is not final.
There was thus no final disposition of Sharon's claim, and the agency never gave notice that the
claim was denied.  Sharon retained the option to wait indefinitely, deem the claim denied, and
file suit.

The judgment of the district court is REVERSED and the matter is REMANDED
for further proceedings consistent with this opinion.  Costs awarded to appellant.