705 A.2d 1276

KATHLEEN QUICK, PETITIONER–RESPONDENT, AND ELIAS L. SCHNEIDER, PETITIONER, v. BOARD OF EDUCATION OF THE TOWNSHIP OF OLD BRIDGE, MIDDLESEX COUNTY, RESPONDENT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued January 27, 1998—Decided February 26, 1998.

Before Judges DREIER, KEEFE [1] and WECKER.

*Michael P. O'Connell*, argued the cause for appellant (*Karcher & Rainone*, attorneys; *Mr. O'Connell*, of counsel; *Kristin L. Baldwin*, on the brief).

*Elias L. Schneider*, argued the cause for respondent (*Brigiani, Cohen & Schneider*, attorneys; *Mr. Schneider*, on the brief).

*Peter Verniero*, Attorney General, attorney for the State Board of Education (*Geraldine Callahan*, Deputy Attorney General, on the brief).

The opinion of the court was delivered by

---

[1] Judge Keefe did not originally participate in this case, but has, with the consent of counsel, been added to the panel deciding the matter.

DREIER, P.J.A.D.

The Old Bridge Township Board of Education ("Board") appeals from the final decision of the State Board of Education ("State Board") ordering that the Board reimburse petitioner Kathleen Quick, a member of the Board, for legal expenses pursuant to *N.J.S.A.* 18A:12–20. Quick's expenses were incurred in her defense of an action brought by the Board seeking to prevent her from attending any closed sessions of the Board during which the Board was to discuss possible legal action for counsel fees relating to an earlier lawsuit. Prior to Quick's election to the Board she and 111 other plaintiffs brought the earlier action against the Board to block the merger of the Township's two high schools. Their action was dismissed in the Chancery Division in January 1993 on the basis that it should have been brought before the Commissioner of Education.[2]

Quick was elected to the Board in April 1993. Later that year, the Board contemplated taking legal action for its attorneys' fees and costs pursuant to *N.J.S.A.* 2A:15–59.1 against the group of 112 plaintiffs, claiming that the filing of the complaint had been frivolous. Quick was willing to recuse herself to the extent of not participating in the discussions or vote, but insisted on being present during the closed door sessions. Quick based her position on advice of counsel and a guideline issued by the School Ethics Commission (discussed *infra*). On March 23, 1994, the Board filed suit against Quick, and obtained an order directing Quick to show cause why she should not be compelled to recuse herself from any closed sessions of the Board in which litigation strategy regarding the prior lawsuit was to be discussed. We are informed that on the return date, the judge entered an order enjoining Quick from attending any closed door meetings of the Board at which such possible litigation claims were to be discussed. Inci-

---

[2] Although there was no appeal from this dismissal, it appears that a transfer of the action to the Commissioner of Education pursuant to *R.* 1:13–4(a) might have been more appropriate.

dentally, the Board ultimately determined not to file the motion for frivolous litigation expenses.

On November 3, 1994, Quick filed a petition with the Commissioner requesting indemnification under *N.J.S.A.* 18A:12–20 for $6218.25, representing her legal expenses incurred in defense of the Board's action. The matter was referred to the Office of Administrative Law for resolution. On September 12, 1995, the ALJ issued an initial decision concluding that Quick had not established her entitlement to reimbursement pursuant to *N.J.S.A.* 18A:12–20 because, in his view, any public purpose in her attending the closed door sessions was incidental to her predominantly private interest. Quick filed exceptions to the ALJ's findings, and on October 30, 1995, the Commissioner issued a decision adopting the ALJ's initial decision. ·

On November 7, 1995, Quick filed exceptions to the Commissioner's findings with the State Board of Education. On December 4, 1995, the State Board issued its final decision, reversing the decision of the Commissioner, and directing the Board to reimburse Quick for her legal expenses on the ground that Quick's actions arose out of and in the course of the performance of her duties as a member of the Board.

The Board contends that we should reject the State Board's conclusions, and adopt the decision of the ALJ and the Commissioner that Quick is not entitled to indemnification for her counsel fees under *N.J.S.A.* 18A:12–20.

The Attorney General, on behalf of the State Board, filed a statement in lieu of brief in which he argues for affirmance of the State Board's decision on the ground that the State Board was correct in concluding that, as a member of the local Board, Quick could reasonably claim that she was obligated to attend all Board meetings to ensure that the interests of the public were represented. Whether Quick was correct or not, she was drawn into the later Chancery Division litigation only because she was a Board member.

In finding in favor of Quick, the State Board noted that her duties as a member of the Old Bridge Board included her attendance at all board meetings, and that the discussion from which the Board sought her removal concerned only the possibility of taking legal action against the group in question, an action which had not been brought as of the time of the State Board's decision. As a result, the State Board concluded:

> Given the liberal construction that must be given to *N.J.S.A.* 18A:12-20 in the context of civil litigation, we conclude that the Board's March 1994 legal action against petitioner arose out of and in the course of her duties as a member of the Board, and that she is therefore entitled to be indemnified for the costs of that defense. Moreover, as a matter of policy, we believe it is critical that differing views and opinions be freely expressed and fully represented within the public bodies that are responsible for educational governance. Were we to deny petitioner's claim in this instance, we would be acting in contradiction of this policy. Further, such a determination would have a chilling effect on members of district boards who may hold views that are contrary to the views of the majority, and might also discourage citizens who hold such views from even seeking membership on a district board.

Under *N.J.S.A.* 18A:12-20:

> Whenever a civil or a criminal action has been or shall be brought against any person for any act or omission arising out of and in the course of the performance of his duties as a member of a board of education, and in the case of a criminal action such action results in final disposition in favor of such person, the board of education shall defray all costs of defending such action, including reasonable counsel fees and expenses, together with costs of appeal, if any, and shall save harmless and protect such person from any financial loss resulting therefrom. Any board of education may arrange for and maintain appropriate insurance to cover all such damages, losses and expenses.

Thus, where a school board member is sued "by reason of such membership," the member is entitled to have his or her counsel fees on the trial and on the appeal borne by the local board of education. *Jones v. Kolbeck,* 119 *N.J.Super.* 299, 301, 291 *A.*2d 378 (App.Div.1972). In the context of civil litigation, a liberal approach is taken in applying the statute "so as not to inhibit a board member from freely expressing himself [or herself] and acting for the public good without fear of economic loss." *Powers v. Union City Bd. of Educ.,* 124 *N.J.Super.* 590, 597, 308 *A.*2d 71

(Law Div.1973), *aff'd o.b.,* 127 *N.J.Super.* 294, 317 *A.*2d 373 (App.Div.), *certif. denied,* 65 *N.J.* 575, 325 *A.*2d 709 (1974).[3]

Quick had apparently acted in good faith in light of her reliance on the advice of counsel and on a policy guideline of the School Ethics Commission.[4] The policy guideline states, in pertinent part: "The Commission has determined that recusal is the abstention from discussion or voting on a matter. When one recuses himself, he is not required to leave the room because he is still an elected official to a public body, however, he may not participate in any matter whatsoever regarding the matter."

In this case, the Board had sued to prevent Quick from what she saw as her duty as a board member, namely, the duty to attend board meetings. The outcome of that action is irrelevant. The statute protects both successful and unsuccessful litigants. *Suruda v. Jersey City Bd. of Educ.,* 167 *N.J.Super.* 331, 334, 400 *A.*2d 860 (Law Div.1979). Therefore the Board's reliance upon *Scotch Plains–Fanwood Bd. of Educ. v. Syvertsen,* 251 *N.J.Super.* 566, 598 *A.*2d 1232 (App.Div.1991), is misplaced, as the issue in that case was whether the exclusion of the member was correct.[5]

---

[3] However, in the context of a criminal charge made against a board member: "[I]f the conduct giving rise to the charge fails to meet either the requirement that it arise out of the performance of the public duties or in the course of the performance of those duties, the obligation to pay for the legal defense remains with the individual and cannot be imposed as a public burden." *Powers, supra,* 124 *N.J.Super.* at 596, 308 *A.*2d 71.

[4] Under *N.J.S.A.* 18A:12–31, a board member may request and obtain from the commission an advisory opinion as to whether any proposed activity or conduct would constitute a violation of the provisions of the School Ethics Act, *N.J.S.A.* 18A:12–22 to –34.

[5] *Scotch Plains–Fanwood, supra,* is further distinguishable from the circumstances of this case. Here, the school board sought to exclude a board member who had sued the board in the past, and whose participation in that dismissed case led the Board to consider a future claim for frivolous litigation damages. In *Scotch Plains–Fanwood,* however, we recognized the right for a school board to discuss its litigation defense strategy relating to a dissident board member's

As noted, that is not the issue here. The focus is upon the lawsuit where the expenses were incurred. As noted above, under *N.J.S.A.* 18A:12–20, when a board member is sued "by reason of such membership [on the local board]" the member is entitled to be reimbursed for her counsel fees. *Jones, supra,* 119 *N.J.Super.* at 301, 291 *A.*2d 378. "The purpose of the ... statute is to make manifest the implied power of boards of education to provide for the legal defense of a member of the board who is sued individually for some action taken by him in furtherance of his prescribed duties." *Errington v. Mansfield Tp. Bd. of Educ.,* 100 *N.J.Super.* 130, 137–38, 241 *A.*2d 271 (App.Div.1968). This, combined with the liberal approach to be taken in applying the statute, *Powers, supra,* 124 *N.J.Super.* at 597, 308 *A.*2d 71, causes us to concur with the State Board and conclude that Quick is entitled to reimbursement under the statute.

Affirmed.

---

active lawsuit outside the presence of that dissident member. *See* 251 *N.J.Super.* at 568, 598 *A.*2d 1232.