823 A.2d 84

IN THE MATTER OF POLICE SERGEANT
(PM3220S), JERSEY CITY.

Superior Court of New Jersey
Appellate Division

Argued January 21, 2003—Decided May 28, 2003.

Before Judges HAVEY, A.A. RODRIGUEZ and WELLS.[1]

*Sanford R. Oxfeld,* argued the cause for appellants Robert T. Cairns, John A. Cavaliere, Mark S. Cowan, Kevin Guy, William J. Logan, Peter Mesa, Frank T. Scarpa and John M. Warlikowski (*Oxfeld, Cohen,* attorneys; *Mr. Oxfeld,* of counsel; *Ephraim T. Jerchower,* on the brief).

*Melissa H. Raksa,* Deputy Attorney General, argued the cause for respondent Merit System Board (*David Samson,* Attorney General, attorney; *Patrick DeAlmeida,* Assistant Attorney General, of counsel; *Ms. Raksa,* on the brief).

*Sidney H. Lehmann,* argued the cause for respondent Jersey City Police Officers Benevolent Association (*Szaferman, Lakind, Blumstein, Watter, Blader, Lehmann & Goldshore,* attorneys; *Mr. Lehmann,* on the brief).

The opinion of the court was delivered by

---

[1] Judge Wells did not participate in oral argument. However, the parties have consented to his participation in the decision and waived re-argument. *See R.* 2:13–2(b).

RODRIGUEZ, A.A., J.A.D.

This appeal requires us to consider whether a person deemed to be a de facto public officer or employee pursuant to *N.J.S.A.* 40A:9–6, acquires civil service re-employment rights as an "emolument" of such office or position. We hold that the statute does not grant such a right. We also hold that the Law Division, not the Merit System Board, is the exclusive forum for adjudicating de facto officer or employee claims.

Robert T. Cairns, John A. Cavaliere, Mark S. Cowan, Kevin Guy, William J. Logan, Peter Mesa, Frank T. Scarpa and John M. Warlikowski (plaintiffs) are Jersey City police officers who were certified for promotion to the positions of sergeants from a civil service eligibility list. They, along with six other police officers, were in fact promoted to the rank of sergeant and assumed their new positions. However, within days, their promotions were revoked because the Department of Community Affairs (DCA) would not give its approval. DCA approval was required because Jersey City received short term financial assistance from the State pursuant to the Special Municipal Aid Act, *N.J.S.A.* 52:27D–118.24 to –118.31. DCA awarded the City $10 million in assistance upon several conditions, including a hiring and wage "freeze."

Prior to plaintiffs' promotions, the City notified DCA that it intended to promote fourteen officers to the status of sergeant.[2] The City's Police Director was informed that it was unlikely that DCA would approve the appointments. The Police Director drafted salary waiver agreements that were signed by plaintiffs. The waivers permitted the City to continue paying plaintiffs their current salaries for the next five months. Thereafter, plaintiffs would receive a higher salary commensurate with the rank of sergeant. It was thought that such salary waiver agreements would comport in principle with the wage freeze, and thus, induce DCA to approve the promotions.

---

[2] The fourteen included the eight plaintiffs in this case.

The City issued a personnel order effectuating the promotions. Plaintiffs were sworn in, received badges and reported for duty as sergeants. They began training shortly thereafter. However, within three days, plaintiffs received notice that their appointments were not approved by the DCA. Based on the DCA's action, the Department of Personnel (DOP) rescinded the promotions. Plaintiffs returned to the rank of police officers. Two months later, the DOP promulgated a new police sergeant eligibility list.

Plaintiffs sent letters of protest to the DOP asserting that they had not been laid off in good faith. They demanded that their seniority entitled them to promotion as soon as new openings for sergeant became available. Plaintiffs also moved by way of verified complaint and order to show cause against the City, the DCA and the DOP seeking a declaration of de facto officer status, pursuant to *N.J.S.A.* 40A:9–6. *N.J.S.A.* 40A:9–6 provides:

**De facto officers and employees; right to compensation**

Any person who held or who may hereafter hold, de facto, any office or position in the public service of any county or municipality, and who has or shall have performed the duties thereof, shall be entitled to the emoluments and compensation appropriate to such office or position for the time in fact so held and may recover therefor in any court of competent jurisdiction, notwithstanding any refusal or failure of any person or officer to approve or authorize the payment of said emoluments and compensation.

[*N.J.S.A.* 40A:9–6.]

The complaint also requested that the DOP revive the now-expired "old" eligibility list and promote plaintiffs to the rank of sergeant again. The DCA and DOP moved to dismiss or, alternatively, to transfer the complaint to the Merit System Board (Board) for disposition. The City also moved to dismiss the complaint. The Police Officers' Benevolent Association (POBA), the collective bargaining union for non-supervisory police officers, moved to intervene and to dismiss the complaint. After hearing arguments, the Law Division judge ordered that the complaint be transferred to the Board for disposition. He denied POBA's application for intervention.

The Board styled the complaint transferred by the Law Division as an "Administrative Appeal" from the DOP. The Board dis-

missed the complaint on a procedural basis, *i.e.*, plaintiffs were time-barred. The Board stated:

> *N.J.A.C.* 4A:2–1.1 states that, unless a different time period is stated, an appeal must be filed within 20 days after either the appellant has notice or should reasonably have known of the decision, situation or action being appealed. [Plaintiffs'] original appeal was dated April 12, 2000, more than two months after they received notification that they were not appointed to Police Sergeant from certification PL991442. Thus, this appeal is clearly untimely and should be dismissed.

Despite this decision, the Board expressed the view that, even if the "appeal" was timely, plaintiffs had failed to establish entitlement to relief.

The Board concluded that because the de facto officer statute does not lie within the ambit of the Civil Service Act, *N.J.S.A.* 11A:1–1 to 12–6, the Board does not recognize a de facto appointment. The Board's decision constitutes a final administrative agency action.

On appeal, plaintiffs contend: (1) the Board was without subject-matter jurisdiction to decide plaintiffs' application for de facto officer status; (2) plaintiffs are de facto officers and should be awarded the emoluments of the office; and (3) the Commissioner's conclusion that the municipality lacked authorization to promote plaintiffs without DCA and or DOP approval was without basis in fact and law.

We conclude that the Law Division should have decided whether plaintiffs held de facto officer status pursuant to *N.J.S.A.* 40A:9–6. The Law Division is the court of competent jurisdiction to which the statute refers. The issue of de facto officer status is a legal question that does not require the application of the doctrine of exhaustion of remedies as contemplated by the trial judge. *See Abbott v. Burke*, 100 *N.J.* 269, 297–98, 495 *A.*2d 376 (1985) (discussing the application of doctrine and holding that it generally does not apply when the case involves only legal questions). Nevertheless, we affirm the Board's denial of relief to plaintiffs because, even if plaintiffs are deemed de facto officers and thus entitled to compensation and "emoluments" of such office

or position, we hold that such emoluments do not include rights created and regulated by the Civil Service Act.

As the Board points out, *N.J.S.A.* 11A:4–13 recognizes "regular," "provisional," "temporary," "emergency," "senior executive service" and "unclassified" appointments. The merit system of employment rights (eligibility lists, examinations, certification and appointments), is a tight-knit construct based on the six classifications mentioned above. We perceive no intent on the part of the Legislature to disrupt the tight-knit fabric of the merit system by enacting *N.J.S.A.* 40A:9–6. The de facto officer statute was clearly intended to protect on a *quantum meruit* basis, a person who has performed the duties of a public officer when the position was not properly created or the appointment not properly made. Such person is entitled to compensation and emoluments, *other than Civil Service employment rights. C.f. Casamasino v. City of Jersey City,* 158 *N.J.* 333, 350–51, 730 *A.*2d 287 (1999) (holding that tenure is not an emolument of a de facto office holder, and moreover, the statutory preconditions for tenure were not met). The latter rights are created by another statute which is the exclusive authority regarding civil service employment rights. We agree with the Board that in the Civil Service context, the Civil Service Act is paramount and trumps conflicting provisions of other statutes. *Fletcher v. City of Newark,* 155 *N.J.Super.* 5, 8–9, 382 *A.*2d 79 (App.Div.1978).

Plaintiffs rely on *City of Jersey City v. Department of Civil Serv.,* 57 *N.J.Super.* 13, 153 *A.*2d 757 (App.Div.1959) and *Suruda v. Jersey City Bd. of Educ.,* 167 *N.J.Super.* 331; 400 *A.*2d 860 (Law Div.1979), for the proposition that emolument of office includes civil service re-employment rights. From our examination of these authorities, we conclude that they do not support plaintiffs' position. *Suruda* was about recoupment of legal fees and cited *Jersey City* for the proposition that re-employment rights may be available as a benefit to a de facto officer. *Suruda, supra,* 167 *N.J.Super.* at 333–35, 400 *A.*2d 860. However, in Jersey City, we recognized that the Civil Service Act provided no protection to de

facto officers. *Jersey City, supra,* 57 *N.J.Super.* at 43–44, 153 *A.*2d 757. There, we declined to follow that rule of law because of the *unique* situation that existed. The de facto officer had been certified, appointed, and served for five years in an office that may have not existed because of a legally ineffective ordinance that created the position. *Id.* at 17, 153 *A.*2d 757. We concluded that policy considerations demanded that in such a situation, the de facto officer should be granted re-employment rights. *Id.* at 44, 153 *A.*2d 757. No such situation exists here.

Affirmed.