**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3421-21

BOARD OF EDUCATION OF
THE BOROUGH OF MILLTOWN,
MIDDLESEX COUNTY,

 Petitioner-Respondent,

v.

EGNITA PARDO,

 Respondent-Appellant.

_____

NEW JERSEY COMMISSIONER
OF EDUCATION,

 Respondent.

_____

Argued November 15, 2023 – Decided May 15, 2024

Before Judges Accurso and Gummer.

On appeal from the New Jersey Commissioner of Education, Docket No. 237-12/21.

Nicholas J. Repici argued the cause for appellant (Lenox, Socey, Formidoni, Giordano, Lang, Carrigg &

Casey, LLC, attorneys; Nicholas J. Repici, of counsel and on the briefs).

Aron Grant Mandel argued the cause for respondent Board of Education of the Borough of Milltown, Middlesex County (The Busch Law Group, LLC, attorneys; Ellen Bass and Aron Grant Mandel, of counsel and on the brief).

Matthew J. Platkin, Attorney General, attorney for respondent New Jersey Commissioner of Education (Carolyn G. Labin, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

Egnita Pardo appeals a final decision of the Acting Commissioner of Education, denying her claim pursuant to N.J.S.A. 18A:12-20 for indemnification of her legal fees and costs from the Borough of Milltown Board of Education. Because the Commissioner's decision was not arbitrary, capricious, or unreasonable and was legally correct and factually supported by the record, we affirm.

I.

In November 2021, Pardo was elected to serve as a member of the Board. She was scheduled to be sworn into office and seated on January 4, 2022. She had run for office even though she and her husband had a pending claim against the Board on behalf of their child, who was a minor, as memorialized in a May

2, 2017 letter from their attorney providing notice to the Board and others of that tort claim. They sought in their claim, among other things, money for reimbursement of medical bills.

After the election, the Superintendent of Milltown Public Schools verbally informed Pardo that the Board viewed the pending tort claim as a disqualifying interest under N.J.S.A. 18A:12-2, which provides that "[n]o member of any board of education shall be interested directly or indirectly in any . . . claim against the board . . . ." After an exchange of correspondence between Pardo's and the Board's attorneys, counsel for Pardo and her husband sent a letter to the Board stating they were withdrawing and retracting the 2017 tort-claim notice. The Board's counsel acknowledged the withdrawal but found it insufficient, asserting "a release of all of her family's pending claims against the Board and the Board's employees" would need to be judicially approved under Rule 4:44-3 to resolve the conflict of interest.

On December 16, 2021, the Board filed with the Commissioner a petition of appeal, seeking a determination of whether Pardo had a disqualifying conflict of interest preventing her from becoming a Board member, and a motion for emergent relief, seeking to prevent Pardo from being sworn in and seated as a Board member while its petition was pending. The matter was transmitted to

3

the Office of Administrative Law. Pardo submitted opposition and a cross-motion for indemnification.

After hearing argument, an administrative law judge (ALJ) issued an order on December 29, 2021, granting the Board's requested emergent relief. The ALJ found Pardo had an interest in the claim involving her child, specifically reimbursement of medical expenses incurred on the child's behalf. The ALJ held Pardo consequently had a disqualifying conflict of interest she had to resolve before she could become a member of the Board. The ALJ did not decide the cross-motion. The Commissioner subsequently adopted the ALJ's recommended order on January 19, 2022, precluding Pardo from being sworn in as a Board member and the Board from filling the open seat while the matter was pending.

Pardo filed a verified complaint and an application for an order to show cause with the Chancery Division of the Superior Court, seeking injunctive relief in the Chancery Division to prevent the Board from filling the open seat and for judicial approval of the release proposed by Pardo. After issuing an order to show cause temporarily enjoining the Board from filling the seat and after conducting an evidentiary hearing, the judge entered an order on January 28, 2022, approving the proposed release pursuant to Rule 4:44-3. Pardo then

submitted a proposed form of order pursuant to <u>Rule</u> 4:37-1(b) for voluntary dismissal of any remaining claims pending in the Chancery Division but expressly reserving her indemnification and Board-membership claims for determination in the pending administrative matter. The judge entered the order on January 31, 2022.

The Board moved for a summary decision in the administrative matter. Pardo opposed the motion and cross-moved for indemnification of her legal fees and costs. On February 28, 2022, the ALJ issued an order and decision granting the Board's motion and denying Pardo's cross motion. The ALJ found that although Pardo had not cured her conflict so that she could be sworn in and seated on the Board timely, she had since cured the conflict and could then be seated as a Board member. He concluded she was not entitled to indemnification because "[t]he right to indemnification is designed to provide protection from actions taken while a Board Member" and her "expenditures" – incurred in an action "she instituted to resolve her conflict" and in opposing the "proper" actions of the Board "in denying Pardo the position as she had a conflict" – "[did] not fall in that category." Pardo was subsequently sworn in and seated on the Board.

Both parties filed exceptions to the ALJ's decision pursuant to N.J.A.C. 1:1-18.4. Pardo took exception to the decision as it related to her "counterclaim for indemnification for her counsel fees and expenses under N.J.S.A. 18A:12-20 associated with her defense of the administrative action initiated against her by [the Board]." On May 25, 2022, the Commissioner issued a final decision adopting the ALJ's decision, finding Pardo then eligible to be sworn in as a Board member and dismissing her indemnification claim. The Commissioner found the indemnification provided in N.J.S.A. 18A:12-20 does not extend to "those who are not yet sworn in as board members" and that Pardo was "not entitled to indemnification because she was not a sworn board member who was serving in the position, nor was she qualified to become a Board member" and "her defense of this administrative matter did not arise from her duties as a board member."

This appeal followed.

II.

Our role in reviewing an agency decision is "limited." Bd. of Educ. of Kinnelon v. D'Amico, 477 N.J. Super. 184, 195 (App. Div. 2023) (quoting Allstars Auto Grp., Inc. v. N.J. Motor Vehicle Comm'n, 234 N.J. 150, 157 (2018)). "We review a decision made by an administrative agency entrusted to

apply and enforce a statutory scheme under an enhanced deferential standard." E. Bay Drywall, LLC v. Dep't of Lab. & Workforce Dev., 251 N.J. 477, 493 (2022). Accordingly, we will disturb an agency's adjudicatory decision only on "a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." D'Amico, 477 N.J. Super. at 195-96 (quoting In re Herrmann, 192 N.J. 19, 27-28 (2007)).

In making that determination, we "must examine: '(1) whether the agency's decision conforms with relevant law; (2) whether the decision is supported by substantial credible evidence in the record; and (3) whether, in applying the law to the facts, the administrative agency clearly erred in reaching its conclusion.'" In re Y.L., 437 N.J. Super 409, 412 (App. Div. 2014) (quoting Twp. Pharmacy v. Div. of Med. Assistance & Health Servs., 432 N.J. Super. 273, 283-84 (App. Div. 2013)). We are not bound by an agency's statutory interpretation or determination of a purely legal issue. D'Amico, 477 N.J. Super. at 196. "The burden of proving that an agency action is arbitrary, capricious, or unreasonable is on the challenger." Parsells v. Bd. of Educ. of Somerville, 472 N.J. Super. 369, 376 (App. Div. 2022). Pardo has not met that burden.

The paramount goal of "statutory interpretation is to 'determine and give effect to the Legislature's intent.'" State v. A.M., 252 N.J. 432, 450 (2023)

7

(quoting State v. Lopez-Carrera, 245 N.J. 596, 612 (2021)).  To achieve that goal, we "begin with the language of [the] statute, 'which is typically the best indicator of intent.'"  Ibid. (quoting State v. McCray, 243 N.J. 196, 208 (2020)). "We must presume that every word in [the] statute has meaning and is not mere surplusage."  Cast Art Indus., LLC v. KPMG LLP, 209 N.J. 208, 222 (2012) (quoting In re Att'y Gen.'s "Directive on Exit Polling: Media & Non-Partisan Pub. Int. Grps.", 200 N.J. 283, 297-98 (2009)); see also N.J. Div. of Child Prot. & Permanency v. A.P., 475 N.J. Super. 472, 488 (App. Div. 2023) (same).  We also "cannot presume the Legislature 'intended a result different from what is indicated by the plain language or add a qualification to a statute that the Legislature chose to omit.'"  Simadiris v. Paterson Pub. Sch. Dist., 466 N.J. Super. 40, 49 (App. Div. 2021) (quoting Tumpson v. Farina, 218 N.J. 450, 467-68 (2014)).

Our function is not "to 'rewrite a plainly-written enactment of the Legislature []or presume that the Legislature intended something other than that expressed by way of the plain language.'"  DiProspero v. Penn, 183 N.J. 477, 492 (2005) (quoting O'Connell v. State, 171 N.J. 484, 488 (2002) (alteration in the original)).  "Our duty is to construe and apply the statute as enacted."  Ibid. (quoting In re Closing of Jamesburg High Sch., 83 N.J. 540, 548 (1980)).  "If a

statute's plain language is clear, we apply that plain meaning and end our inquiry." Garden State Check Cashing Serv., Inc. v. Dep't of Banking & Ins., 237 N.J. 482, 489 (2019).

Pardo contends the indemnification conferred by N.J.S.A. 18A:12-20 "applies to individuals in their capacity as a board member-elect." The problem with her argument is that the statute doesn't say that. The statute provides in relevant part:

> Whenever a civil, administrative, criminal or quasi-criminal action or other legal proceeding has been or shall be brought against any person for any act or omission arising out of and in the course of the performance of his duties as a member of a board of education, and in the case of a criminal or quasi-criminal action such action results in final disposition in favor of such person, the board of education shall defray all costs of defending such action, including reasonable counsel fees and expenses, together with costs of appeal, if any, and shall save harmless and protect such person from any financial loss resulting therefrom. . . .
>
> [N.J.S.A. 18A:12-20 (emphasis added).]

Under the plain language of the statute, the Legislature intended to provide indemnification to "a member of a board of education," not "a board member-elect." See also N.J.A.C. 6A:28-1.2 (defining "Board member" as "any

9

person holding membership, whether by election or appointment, upon being sworn in, on any district board of education").

Pardo relies on three published cases to support her indemnification claim.[1] In each of those cases, the courts held board members, not board members-elect, were entitled to indemnification under N.J.S.A. 18A-12-20. See Quick v. Bd. of Educ. of Old Bridge, 308 N.J. Super. 338, 342 (App. Div. 1998) (finding board member was entitled to reimbursement of counsel fees under N.J.S.A. 18A-12-20); Jones v. Kolbeck, 119 N.J. Super. 299, 301 (App. Div. 1972) (finding defendants who were "members of the board of education . . . sued by reason of such membership" were entitled to indemnification under N.J.S.A. 18A-12-20); Suruda v. Jersey City Bd. of Educ., 167 N.J. Super. 331, 334 (Law Div. 1979) (finding parties who had been "carr[ying] out the duties of their non-pay positions" as board members were entitled to indemnification).

Pardo seems to argue she is entitled to indemnification because the letter from counsel for Pardo and her husband stating they were withdrawing the 2017 tort-claim notice was sufficient to cure any conflict she had, thereby rendering her eligible to become a Board member. We disagree. Pardo and her husband

---

[1] Unpublished cases are not precedent, are not binding on any court, and, except under circumstances not applicable here, cannot be cited by a court. R. 1:36-3.

could not release their minor child's claim without court approval. Judicial approval must be obtained in order to bind a minor to his parents' dismissal of his claim. See R. 4:44-3; Colfer v. Royal Globe Ins. Co., 214 N.J. Super. 374, 377 (App. Div. 1986) ("It is long out of doubt that a parent . . . cannot dispose of a child's cause of action without statutory authority or judicial approval."). Without court approval determining the release of the claim was reasonable and in the child's best interests, Pardo's and her husband's withdrawal of their child's claim would have been legally meaningless, and their child as an adult could assert his parents withdrew the claim not in his best interests but to enable Pardo to clear her conflict so she could become a member of the Board. See Moscatello ex rel. Moscatello v. Univ. of Med. & Dentistry of N.J., 342 N.J. Super. 351, 361 (App. Div. 2001) (finding court approval of resolution of a minor's claim protects and binds the minor).

The Commissioner's decision was legally correct and was factually supported by the record. It was not arbitrary, capricious, or unreasonable. Accordingly, we affirm.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11

A-3421-21