287 N.J. Super. 325 (1996)
671 A.2d 140
BARBARA PETRICK AND ELISABETH K. DUVAL, PLAINTIFFS-APPELLANTS,
v.
PLANNING BOARD OF THE CITY OF JERSEY CITY, AND CHRIST HOSPITAL, INC., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted November 21, 1995.
Decided February 9, 1996.
*327 Before Judges MICHELS, BAIME and KIMMELMAN.
Robert T. DuVal, attorney for appellants.
William J. Netchert, attorney for respondent Planning Board of the City of Jersey City.
*328 Schumann, Hanlon & Panepinto, attorneys for respondent Christ Hospital, Inc. (Paul M. Hanlon and Louis E. Della Torre, Jr., of counsel and on the brief).
The opinion of the court was delivered by MICHELS, P.J.A.D.
Plaintiffs Barbara Petrick and Elisabeth K. DuVal appeal from a judgment of the Law Division entered in favor of defendants Planning Board of the City of Jersey City (Planning Board) and Christ Hospital, Inc. (Christ Hospital) that dismissed plaintiffs' action challenging the Planning Board's approval of a site plan for a parking garage to be constructed by Christ Hospital on property located in Jersey City, New Jersey.
Christ Hospital applied to the Planning Board for site plan approval for a garage to be constructed on its property. Plaintiffs, residents of the neighborhood in which the proposed garage would be built, objected to the proposed construction, raising health, safety and environmental concerns. Despite plaintiffs' objections, the Planning Board granted Christ Hospital site plan approval for the parking garage which was subsequently memorialized by a resolution. Planning Board Chairman Sheehan, Vice-Chairman Bromirski and Commissioners Domingo, McCullers, and Holloway voted in favor of the resolution. Commissioner Vega voted against the resolution. Commissioners Judge and McLaughlin abstained.
Plaintiffs instituted this action by a Complaint in Lieu of Prerogative Writs seeking to set aside the resolution. They claimed that the Planning Board proceedings were invalid because (1) Commissioner Vega had a conflict of interest by virtue of the fact that his wife was an employee of Christ Hospital at the time the application was considered and voted upon by the Planning Board; (2) no member of the Jersey City Environmental Commission served on the Planning Board as required by N.J.S.A. 40:55D-23a; and (3) two Planning Board commissioners were employed by Jersey City in violation of N.J.S.A. 40:55D-23a. *329 Christ Hospital was granted leave to intervene. Following a hearing, the trial court held that the action of the Planning Board in granting Christ Hospital's application for site plan approval for the parking garage was valid and dismissed plaintiffs' complaint. This appeal followed.
Plaintiffs seek a reversal of the judgment and a declaration that the Planning Board's resolution was invalid and unenforceable, contending that (1) Commissioner Vega, who had a conflict of interest, participated in the hearing; (2) there was no Environmental Commission member on the Planning Board as required by N.J.S.A. 40:56A-1 and N.J.S.A. 40:55D-23a; and (3) two Planning Board members were illegally seated because they were also employed by Jersey City in violation of N.J.S.A. 40:55D-23a.
We have carefully considered the record and the arguments presented and are satisfied that the trial court properly upheld the Planning Board resolution approving the preliminary and final site plan approval for the proposed Christ Hospital parking garage and that all issues of law raised are clearly without merit. R. 2:11-3(e)(1)(E).
It is fundamental that "the public is entitled to have its representatives perform their duties free from any personal or pecuniary interests that might affect their judgment." Barrett v. Union Tp. Comm., 230 N.J. Super. 195, 200, 553 A.2d 62 (App.Div. 1989); see also In re Bergen County Util. Auth., 230 N.J. Super. 411, 419, 553 A.2d 849 (App.Div. 1989); Bd. of Educ. of West Orange v. Int'l Union of Operating Eng'rs, Local No. 68, 109 N.J. Super. 116, 120, 262 A.2d 426 (App.Div. 1970); La Rue v. E. Brunswick Tp., 68 N.J. Super. 435, 446-47, 172 A.2d 691 (App.Div. 1961); Aldom v. Borough of Roseland, 42 N.J. Super. 495, 500-01, 127 A.2d 190 (App.Div. 1956). At common law, "[a] public official is disqualified from participating in judicial or quasi-judicial proceedings in which the official has a conflicting interest that may interfere with the impartial performance of his duties as a member of the public body." Scotch Plains-Fanwood Bd. of Educ. v. Syvertsen, 251 N.J. Super. 566, 568, 598 A.2d 1232 (App.Div. 1991); *330 see also Wyzykowski v. Rizas, 132 N.J. 509, 523, 626 A.2d 406 (1993); Griggs v. Borough of Princeton, 33 N.J. 207, 219-20, 162 A.2d 862 (1960); Van Itallie v. Borough of Franklin Lakes, 28 N.J. 258, 265, 146 A.2d 111 (1958); Barrett v. Union Tp. Comm., supra, 230 N.J. Super. at 200, 553 A.2d 62; Sokolinski v. Mun. Council of Woodbridge Tp., 192 N.J. Super. 101, 103, 469 A.2d 96 (App.Div. 1983); McNamara v. Borough of Saddle River, 64 N.J. Super. 426, 429-30, 166 A.2d 391 (App.Div. 1960).
This principle has been codified in N.J.S.A. 40:55D-23b of the Municipal Land Use Law (Land Use Law), which, in pertinent part, states that "[n]o member of the planning board shall be permitted to act on any matter in which he has, either directly or indirectly, any personal or financial interest."
In Van Itallie v. Borough of Franklin Lakes, supra, 28 N.J. at 268, 146 A.2d 111, our Supreme Court provided guidance regarding the analysis that should be undertaken in reviewing the alleged conflict of interest of a municipal board member, pointing out:
[t]he decision as to whether a particular interest is sufficient to disqualify is necessarily a factual one and depends upon the circumstances of the particular case. Aldom v. Borough of Roseland, supra, 42 N.J. Super. at page 503 [127 A.2d 190]. No definitive test can be devised. The question will always be whether the circumstances could reasonably be interpreted to show that they had the likely capacity to tempt the official to depart from his sworn public duty.
See also Wyzykowski v. Rizas, supra, 132 N.J. at 523, 626 A.2d 406; Wilson v. City of Long Branch, 27 N.J. 360, 395-96, 142 A.2d 837 cert. denied, 358 U.S. 873, 79 S.Ct. 113, 3 L.Ed.2d 104 (1958); Monmouth Medical Ctr. v. State Dep't of Health, 272 N.J. Super. 297, 318, 639 A.2d 1129 (App.Div.), certif. denied, 137 N.J. 310, 645 A.2d 138 (1994); Barrett v. Union Tp. Comm., supra, 230 N.J. Super. at 201, 553 A.2d 62; Lafayette Tp. v. Bd. of Chosen Freeholders, 208 N.J. Super. 468, 473, 506 A.2d 359 (App.Div. 1986); Taylor v. Salem County Bd. of Chosen Freeholders, 212 N.J. Super. 24, 27, 513 A.2d 365 (App.Div. 1986).
When conducting this analysis, "[t]he question is whether there exists an interest creating a potential for conflict and not whether the official yielded to the temptation of it." Lafayette Tp. v. Bd. of Chosen Freeholders, supra, 208 N.J. Super. at 473, 506 *331 A.2d 359 (citing Aldom v. Borough of Roseland, supra, 42 N.J. Super. at 502, 127 A.2d 190); see also Barrett v. Union Tp. Comm., supra, 230 N.J. Super. at 201, 553 A.2d 62. In Lafayette Township v. Bd. of Chosen Freeholders, supra, 208 N.J. Super. at 473, 506 A.2d 359, we held that in conducting this analysis "[t]he potential for psychological influences cannot be ignored." See also Barrett v. Union Tp. Comm., supra, 230 N.J. Super. at 201, 553 A.2d 62; Griggs v. Borough of Princeton, supra, 33 N.J. at 220, 162 A.2d 862. "Consequently, it is the mere existence of the interest, not its actual effect, which requires the official action to be invalidated." Lafayette Tp. v. Bd. of Chosen Freeholders, supra, 208 N.J. Super. at 473, 506 A.2d 359 (citing Griggs v. Borough of Princeton, supra, 33 N.J. at 220, 162 A.2d 862). However, "[t]he appearance of impropriety `must be something more than a fanciful possibility.'" Aronowitz v. Planning Bd. of Lakewood, 257 N.J. Super. 347, 352, 608 A.2d 451 (Law Div. 1992) (quoting Higgins v. Advisory Comm. on Professional Ethics, 73 N.J. 123, 129, 373 A.2d 372 (1977)).
Recently, our Supreme Court in Wyzykowski v. Rizas, supra, 132 N.J. at 525-26, 626 A.2d 406 (citing Michael A. Pane, Conflict of Interest: Sometimes a Confusing Maze, Part II, NEW JERSEY MUNICIPALITIES, March 1980, at 8, 9) distilled the varying conflict of interest circumstances that require disqualification of municipal government board members into the following four categories:
(1) "Direct pecuniary interests," when an official votes on a matter benefiting the official's own property or affording a direct financial gain; (2) "Indirect pecuniary interests," when an official votes on a matter that financially benefits one closely tied to the official, such as an employer, or family member; (3) "Direct personal interest," when an official votes on a matter that benefits a blood relative or close friend in a non-financial way, but a matter of great importance, as in the case of a councilman's mother being in the nursing home subject to the zoning issue; and (4) "Indirect Personal Interest," when an official votes on a matter in which an individual's judgment may be affected because of membership in some organization and a desire to help that organization further its policies.
Armed with these guidelines, we are satisfied that Commissioner Vega did not have a conflict of interest by virtue of his wife's occasional employment at Christ Hospital. Commissioner Vega's wife was employed full-time at the Jersey City Medical Center as an occupational therapist. Her occasional employment *332 as an occupational therapist by Christ Hospital cannot reasonably be viewed as tending to improperly influence Commissioner Vega's judgment concerning Christ Hospital's application for site plan approval for the parking garage. See Van Itallie v. Borough of Franklin Lakes, supra, 28 N.J. at 268-69, 146 A.2d 111. Additionally, there is no evidence in this record to even suggest that Commissioner Vega's wife's employment status with Christ Hospital was or would be enhanced by the passage of the parking garage resolution. Moreover, Commissioner Vega not only voted against the resolution, but vigorously opposed it and urged other Planning Board members to do the same thing. The relationship of Commissioner Vega's wife with Christ Hospital is too remote and too attenuated to disqualify Commissioner Vega from voting on Christ Hospital's application for site plan approval for the proposed parking garage.
Finally, we point out that Barrett v. Union Tp. Comm., supra, 230 N.J. Super. at 195, 553 A.2d 62, is factually distinguishable and does not support a contrary conclusion. The potential level of influence which could possibly be exercised over Commissioner Vega by reason of his wife's occasional employment as an occupational therapist by the 700-employee Christ Hospital is virtually non-existent. In any event, it is far less than the potential level of influence that could be exercised over the councilman in Barrett v. Union Tp. Comm., supra, whose elderly mother was entirely dependent upon a hospital facility owned by the individuals who sought an amendment to an ordinance which would have permitted them to construct another continuing care facility. Id. at 197, 553 A.2d 62. Further, and perhaps most importantly, in Barrett v. Union Tp. Comm., supra, the councilman voted in favor of the amendment that would have permitted the construction of the facility. Id. at 196-97, 553 A.2d 62. Here, by contrast, Commissioner Vega voted against the application which, if anything, would be unfavorable to his wife's employment status with Christ Hospital. In our view, reasonable persons could not fairly conclude that the employment of Commissioner Vega's wife by Christ Hospital was or even had the appearance of a disqualifying interest. In *333 this regard, it is important to remember what Justice Proctor thoughtfully stated in Van Itallie v. Borough of Franklin Lakes, supra, 28 N.J. at 269, 146 A.2d 111:
Local governments would be seriously handicapped if every possible interest, no matter how remote and speculative, would serve as a disqualification of an official. If this were so, it would discourage capable men and women from holding public office. Of course, courts should scrutinize the circumstances with great care and should condemn anything which indicates the likelihood of corruption or favoritism. But in doing so they must also be mindful that to abrogate a municipal action at the suggestion that some remote and nebulous interest is present, would be to unjustifiably deprive a municipality in many important instances of the services of its duly elected or appointed officials. The determinations of municipal officials should not be approached with a general feeling of suspicion, for as Justice Holmes has said, "Universal distrust creates universal incompetency." Graham v. United States, 231 U.S. 474, 480, 34 S.Ct. 148, 151, 58 L.Ed. 319, 324 (1913); see also Ward v. Scott (II), 16 N.J. 16 [105 A.2d 851] (1954). We recognize that certain circumstances, such as the existence of a substantial association, financial or otherwise, of an official's relative with an interested organization might constitute grounds for disqualification. And there may be other factors which would call for the official's withdrawal, e.g., promotion of a relative in the event of favorable municipal action, or the relative's participation in the request for favorable municipal action. But none of these factors appears in the present case. Nothing more is shown than the bare fact that Councilman Birrer's brother was a subordinate employee of a corporation of the McBride enterprises. This circumstance is entirely too remote to be considered as tending improperly to influence the councilman's official judgment.
We are also satisfied that, contrary to plaintiffs' claim, there was no basis to declare the resolution invalid because no member of the Environmental Commission served on the Planning Board. The Land Use Law does not compel the conclusion that the membership of a planning board must include an environmental commission member. N.J.S.A. 40:55D-23a of the Land Use Law, in pertinent part, provides that:
If there be a municipal environmental commission, the member of the environmental commission who is also a member of the planning board, as required by section 1 of P.L. 1968, c. 245 (C.40:56A-1), shall be a Class IV planning board member, unless there be among the Class IV or alternate members of the planning board both a member of the zoning board of adjustment or historic preservation commission and a member of the board of education, in which case the member *334 common to the planning board and municipal environmental commission shall be deemed a Class II member of the planning board.
N.J.S.A. 40:56A-1, in pertinent part, provides that:
The governing body of any municipality may by ordinance establish an environmental commission for the protection, development or use of natural resources, including water resources, located within its territorial limits. The commission shall consist of not less than five nor more than seven members, appointed by the mayor of the municipality, one of whom shall also be a member of the municipal planning board and all of whom shall be residents of the municipality[.]
[emphasis added.]
While N.J.S.A. 40:56A-1 expressly requires that any environmental commission include a member of the municipal planning board, N.J.S.A. 40:55D-23 does not require that a member of the environmental commission serve as a member of the planning board. Rather, the statute merely provides that, in the event that an environmental commission exists, as one does in Jersey City, a member of the environmental commission, who is also a member of the planning board shall, with certain exceptions, be a Class IV planning board member. Consequently, even though the Planning Board did not include a member of the Environmental Commission, the Planning Board's resolution was not invalid or unenforceable.
Finally, we are satisfied that the resolution was not invalid because Chairperson Sheehan and Commissioner McLaughlin may have served on the Planning Board in violation of N.J.S.A. 40:55D-23a. This statute establishes "for convenience in designating the manner of appointment," four different classes of planning board members, and, in pertinent part, provides that:
The members of Class IV shall hold no other municipal office, position or employment, except that in the case of nine-member boards, one such member may be a member of the zoning board of adjustment or historic preservation commission.
[N.J.S.A. 40:55D-23a.]
Chairperson Sheehan and Commissioner McLaughlin are Class IV members of the Planning Board. Chairperson Sheehan was employed by the Jersey City Library and Commissioner McLaughlin was employed by the Jersey City Fire Department. *335 While both Chairperson Sheehan and Commissioner McLaughlin may have served as members of the Planning Board in violation of N.J.S.A. 40:55D-23a, both were de facto members of the Planning Board.
A de facto officer is one:
whose acts, though not those of a lawful officer, the law, upon principles of policy and justice, will hold valid so far as they involve the interests of the public and third persons, where the duties of the office were exercised,
* * * * * * * *
... under color of a known election or appointment, void because the officer was not eligible, or because there was a want of power in the electing or appointing body, or by reason of some defect or irregularity in its exercise, such ineligibility, want of power, or defect being unknown to the public.
[Jersey City v. Dep't of Civil Serv., 57 N.J. Super. 13, 27 [153 A.2d 757] (App.Div. 1959) (quoting State v. Carroll, 38 Conn. 449, 471-72 (Sup.Ct.Err. 1871)).]
See also Oliver v. Mayor of Jersey City, 63 N.J.L. 634, 640, 44 A. 709 (E. & A. 1899). Indeed, our Supreme Court has recognized and applied this principle in the context of planning board decisions. See Gillson v. Heffernan, 40 N.J. 367, 373-74, 192 A.2d 577 (1963).
Applying this generally accepted rule regarding de facto officers, the Planning Board's approval of Christ Hospital's site plan for the parking garage is valid and enforceable notwithstanding the fact that Chairperson Sheehan and Commissioner McLaughlin may have been members of the Planning Board in violation of N.J.S.A. 40:55D-23a.
Accordingly, the judgment under review is affirmed substantially for the reasons expressed by Judge McLaughlin in his oral opinion of March 29, 1995.